E-FILED
Friday, 10 March, 2006 02:09:47 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. CR05-20040-001 |
| | ) | |
| LAMIA CHAOUNI, | ) | |
| | ) | |
| Defendant. | ) | |

# PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America by Roger A. Heaton, United States Attorney for the Central District of Illinois, and Eugene L. Miller, Assistant United States Attorney, and the defendant, Lamia Chaouni, personally and by her attorneys, Jerome Barton Kalish and Sheila B. Kalish, have agreed upon the following:

## SCOPE

1. This document contains the complete and only plea agreement between the United States Attorney for the Central District of Illinois and the defendant. This agreement supersedes and replaces any and all prior formal and informal, written and oral, express and implied, plea agreements between the parties. No other agreement, understanding, promise, or condition between the United States Attorney for the Central District of Illinois and the defendant exists, except as set forth in this plea agreement.

2. This plea agreement is binding only upon the United States Attorney for the Central District of Illinois and the defendant. It does not bind any United States Attorney outside

the Central District of Illinois, nor does it bind any state or local prosecutor. In addition, the plea agreement does not bind the Tax Division of the United States Department of Justice or the Internal Revenue Service of the United States Department of the Treasury.

## THE PLEA

3. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant will enter a plea of guilty to Counts 1 and 2 of the two count indictment in this cause. Count 1 of the indictment charges the defendant with Bank Fraud in violation of Title 18, United States Code, Section 1344. Count 2 of the indictment charges the defendant with Aggravated Identity Theft in violation of Title 18, United States Code, Section 1028A, Pursuant to Rule 11(c)(1)(B), if the Court does not accept the recommendations of the parties as set forth below, the defendant understands that she does not have the right to withdraw her plea of guilty.

## ELEMENTS OF THE CHARGE

4. The defendant has personally read the indictment and the charges to which the defendant is pleading guilty. The indictment and the charges have been explained to the defendant by the defendant's attorneys. Furthermore, the defendant fully understands the nature and elements of the crimes to which the defendant is pleading guilty.

5. The offense of Bank Fraud in violation of Title 18, United States Code, Section 1344 has the following elements, each of which the prosecution must prove beyond a reasonable doubt:

(a). First, that there was a scheme to defraud a bank or to obtain moneys and funds of a bank by means of false or fraudulent pretenses and representations as charged in the indictment;

(b). Second, that the defendant executed or attempted to execute the scheme;

(c). Third, that the defendant did so knowingly and with the intent to defraud; and

(d). Fourth, that at the time of the charged offense the deposits of the bank were insured by the Federal Deposit Insurance Corporation.

6. A scheme is a plan or course of action formed with the intent to accomplish some purpose. A scheme to defraud is a scheme that is intended to deceive another and to obtain money or property or cause the potential loss of money or property to another.

7. The term "knowingly" means that the defendant realized what she was doing and was aware of the nature of her conduct, and did not act through ignorance, mistake or accident.

8. The phrase "intent to defraud" means that the acts charged were done knowingly with the intent to deceive the victim in order to cause a gain of money or property to the defendant or the potential loss of money or property to another.

9. An offense may be committed by more than one person. A defendant's guilt may be established without proof that the defendant personally performed every act constituting the crime charged. Any person who knowingly aids the commission of an offense may be found guilty of that offense. That person must knowingly associate with the criminal activity, participate in the activity, and try to make it succeed.

10. The offense of Aggravated Identity Theft in violation of Title 18, United States Code, Section 1028A has the following elements, each of which the prosecution must prove beyond a reasonable doubt:

(a). First, that the defendant knowingly possessed or used, without lawful authority, a means of identification of another person; and

(b). Second, that the defendant did so during and in relation to a felony violation of the bank fraud statute.

11. The term "means of identification" mean any name or number that may be used, alone or in conjunction with any other information, to identify any specific individual, including any name, driver's license, or access device.

12. The term "access device" means any card, account number, or other means of account access that can be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value.

POTENTIAL PENALTIES

13. The charge of Bank Fraud in violation of Title 18, United States Code, Section 1344, a Class B felony, has the following potential penalties:

(1) Maximum thirty year period of imprisonment;

(2) Maximum $250,000 fine; and

(3) Maximum five year period of supervised release.

14. The charge of Aggravated Identity Theft in violation of Title 18, United States Code, Section 1028A, is a Class E felony and has the following potential penalties:

(1) Mandatory two year period of imprisonment, mandatory consecutive to any sentence imposed on Count 1;

(2) Maximum $250,000 fine; and

(3) Maximum one year period of supervised release.

15. The defendant further understands and agrees to pay the mandatory $100 Special Assessment for each of the two counts of the Indictment (a total of $200) to which the defendant is entering a Plea of Guilty as required under Title 18, United States Code, Section 3013. The defendant agrees to pay this mandatory special assessment at the time of sentencing by delivering

a check or money order made payable to the United States District Court and understands that she will be required to do so as a condition of this Plea Agreement. No failure to comply with this requirement, however, will constitute grounds for the defendant to withdraw any plea of guilty.

16. The defendant further understands that upon violation of any of the terms of the defendant's supervised release, the supervised release may be revoked and the defendant may be imprisoned for all or part of the supervised release period without credit for time previously served.

17. The defendant understands and agrees that the Court may be required to order the defendant to pay restitution. Restitution may include the cost of incarceration and supervision. The parties acknowledge that the Court may order restitution in whatever amount it deems proper.

ACCEPTANCE OF RESPONSIBILITY

18. The United States agrees, based upon the facts currently known by the United States, that the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for her criminal conduct in accordance with § 3E1.1 of the United States Sentencing Guidelines and, therefore, a two-level reduction in the offense level is appropriate (three levels if the defendant's offense level is 16 or greater). This agreement does not preclude the United States from changing its position if new evidence to the contrary is discovered or if the defendant later demonstrates a lack of acceptance of personal responsibility in the opinion of the United States. The defendant understands that the Court will not be bound under this agreement by the positions of either party and will be free to make its own independent

determination concerning the defendant's acceptance of responsibility. An objection to the Court's ruling will not give the defendant any right to withdraw her guilty plea.

COOPERATION BY THE DEFENDANT

19. As a condition of this entire Plea Agreement, the defendant will cooperate fully with law enforcement officials as set forth in a cooperation agreement dated June 27, 2005, and attached hereto as Exhibit A. All information and testimony given by the defendant must at all times be complete and truthful. This means, for instance, that she must neither minimize her own actions nor fabricate or exaggerate anyone else's actions or involvement. The defendant's status does not hinge upon obtaining a conviction against anyone else; it is dependent solely upon her being truthful about the facts whatever those may be.

20. The defendant agrees that if she violates the terms of that cooperation agreement, the United States will be completely released from all of its obligations under this Plea Agreement. The defendant agrees, however, that under such a circumstance she will not be allowed to withdraw from any previously accepted guilty plea.

21. The United States agrees that at the time of sentencing it will fully inform the Court of the nature, extent, and value of any cooperation rendered by the defendant.

22. The United States reserves the right, in its sole discretion, to make a motion at the time of sentencing for a downward departure from the sentencing guideline range pursuant to United States Sentencing Guidelines Section 5K1.1 and from any mandatory minimum sentence pursuant to Title 18, United States Code, Section 3553(e) if the defendant provides substantial assistance in the investigation or prosecution of other criminal offenses. If the defendant provides substantial assistance in the investigation or prosecution of other criminal offenses, but

the defendant's cooperation is not complete at the time of sentencing, the United States reserves the right, in its sole discretion, to refrain from making a motion pursuant to U.S.S.G. §5K1.1 and 18 U.S.C. § 3553(e) at the sentencing and instead to make a motion, after the defendant's cooperation is complete, for a downward departure from the sentencing guideline range pursuant to Federal Rule of Criminal Procedure 35 (b) and from any mandatory minimum sentence pursuant to 18 U.S.C. § 3553(e). The defendant understands that it is the policy of the United States to make a motion under either U.S.S.G. § 5K1.1 or Federal Rule of Criminal Procedure 35(b), but not both. The extent of any such recommended departure will depend solely upon the United States' evaluation of the nature, extent, and value of the defendant's assistance, including the defendant's truthfulness.

23. The defendant and her attorneys acknowledge that they have reviewed, and the defendant understands, the possible application of United States Sentencing Guidelines Section 5K1.1. They further acknowledge, consistent with Application Note 3 to that Section, that the United States is in the best position to assess the value of the defendant's cooperation to the United States and its law enforcement efforts. In return for receiving the opportunity to cooperate with the government and for the opportunity to be considered by the government for a motion and recommendation for a downward departure pursuant to § 5K1.1, the defendant and her attorneys agree to limit any argument regarding the extent of a downward departure for substantial assistance to only those grounds specifically set forth in § 5K1.1.

## SENTENCING RECOMMENDATIONS AND THEIR EFFECT UPON THE COURT

24. Both the United States and the defendant remain free to recommend whatever

sentence each party, respectively, deems appropriate, unless the United States makes a downward departure motion for substantial assistance in which case the defendant is limited in her recommendation as described above.

25. The defendant agrees that at the time of sentencing, the Court will not be bound by any recommendation made by any party, and that the Court will be free to impose whatever sentence it deems appropriate up to the statutory maximum, after considering the United States Sentencing Guidelines, which are advisory, and tailoring the sentence in light of other statutory concerns pursuant to 18 U.S.C. § 3553.

26. The defendant understands that the Court is required to consider any applicable advisory Sentencing Guidelines, including appropriate upward or downward departures, but is not bound by those guidelines.

27. The defendant agrees and understands that she will not be allowed to withdraw her guilty plea because of an objection to the calculation of the advisory Sentencing Guidelines or to the Court's sentencing findings or rulings or because the defendant receives a sentence higher than that recommended under the plea agreement.

DOWNWARD DEPARTURES

28. The defendant and her attorneys acknowledge that they have reviewed and the defendant understands the possible application of Sentencing Guidelines § 5H1.1 through § 5H1.12, § 5K2.0 through § 5K2.21 and other grounds for downward departure from the applicable advisory Sentencing Guideline range. The defendant acknowledges that she has fully discussed any potential basis for downward departure with her attorneys, Jerome Barton Kalish and Shelia Kalish.

29. The defendant understands that there is no agreement as to the defendant's criminal history or criminal history category, and that the defendant's criminal history could alter the defendant's offense level if, for example, the defendant is a career offender or if the instant offense was a part of a pattern of criminal conduct from which the defendant derived a substantial portion of the defendant's income. Since the defendant's criminal history cannot be determined prior to the completion of the presentence investigation, the United States and the defendant also reserve the right to argue at sentencing for, or oppose, an upward or downward departure for over-representation or under-representation of criminal history pursuant to advisory United States Sentencing Guideline Section 4A1.3.

30. The defendant and her attorneys agree that they will not argue, directly or indirectly, for a downward departure on any basis except over-representation of the defendant's criminal history. The defendant agrees that no other arguments for departures will be raised by the defendant at sentencing other than the specific departures mentioned in this agreement, except the defendant may raise any departure based upon facts that occur after the date the plea agreement is signed by the defendant.

## STIPULATION OF FACTS

31. The defendant will plead guilty because she is in fact guilty. In pleading guilty, the defendant stipulates and agrees that the United States could prove the following to a jury beyond a reasonable doubt:

On March 11, 2005, the defendant, Lamia Chaouni, entered the National City Bank at 507 South Broadway, Urbana, in the Central District of Illinois and identified herself as Camille Bolash. At that time, the deposits of National City Bank were insured by the Federal Deposit

Insurance Corporation. The defendant attempted to cash a business check (#23517) in the amount of $1,825.84 payable to Camille Bolash from Carnes Trucking Co., Inc., 351 Terry Boulevard, Louisville, Kentucky. The check was purportedly drawn on an account from National City Bank in Louisville, Kentucky. The defendant also attempted to cash a business check (#151157) in the amount of $2,517.92 payable to Camille Bolash from Dynisco, 38 Forge Parkway, Franklin, Massachusetts. This check was purportedly drawn on an account from National City Bank in Ashland, Ohio. The defendant presented a fraudulent Kentucky driver's license to a teller at National City Bank containing the defendant's photograph, but in the name of Camille Bolash. The defendant also possessed a Discover credit card in the name of Camille Bolash.

Because Bank of America had recently been defrauded of over $200,000 based on numerous similar counterfeit checks, a customer service representative contacted the owner of Carnes Trucking and learned that no one named Camille Bolash was employed by them and check #23517 was never issued. The representative also learned that the Dynisco account had a zero balance. Officers of the Urbana Police Department (who happened to be in the bank on an unrelated matter) confronted the defendant, who said she needed to go to her car for a moment. The officers arrested the defendant, who continued to identify herself as Camille Bolash.

The two checks presented by the defendant at National City Bank were counterfeit. The Discover credit card possessed by the defendant in the name of Camille Bolash was an active credit card issued by Discover based on the real identifying information of Camille Bolash. The real Camille Bolash was unaware that a Discover card was issued in her name and had not authorized anyone to obtain a Discover credit card in her name.

WAIVER OF RIGHT OF APPEAL FROM CONVICTION AND SENTENCE

32. The defendant is aware that federal law, specifically, Title 28, United States Code, Section 1291, affords a defendant a right to appeal a final decision of the district court and that federal law, specifically, Title 18, United States Code, Section 3742, affords a defendant a right to appeal the conviction and/or sentence imposed. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorneys, the defendant knowingly and voluntarily waives the right to appeal any and all issues relating to this plea agreement and conviction and to the sentence, including any fine or restitution, within the maximum provided in the statutes of conviction, and the manner in which the sentence, including any fine or restitution, was determined, on any ground whatever, in exchange for the concessions made by the United States in this plea agreement.

WAIVER OF RIGHT TO COLLATERAL ATTACK

33. The defendant also understands that she has a right to attack her sentence collaterally on the grounds it was imposed in violation of the Constitution or laws of the United States, she received ineffective assistance from her attorneys, this Court was without proper jurisdiction or the sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and her attorneys have reviewed Section 2255, and the defendant understands the rights that statute gives him. The defendant's attorneys has fully discussed and explained this waiver with the defendant. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may

not have received from the defendant's attorneys regarding this right. Regardless of any advice her attorneys has given her one way or the other, in exchange for the concessions made by the United States in this Plea Agreement, specifically including the opportunity to cooperate with the United States and possibly provide sufficient substantial assistance to induce a motion for a downward departure as set forth above, the defendant hereby knowingly and voluntarily waives her right to challenge any and all issues relating to her plea agreement, conviction and sentence, including any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255. The defendant acknowledges and agrees that the effect of this waiver is to completely waive any and all rights and ability to collaterally attack any issues relating to her conviction and to her sentence so long as the sentence is within the maximum provided in the statutes of conviction.

ACKNOWLEDGMENT OF VOLUNTARINESS OF WAIVER

34. The defendant states that she has not been coerced, threatened, intimidated, or in any other way involuntarily persuaded to waive her rights to appeal or collaterally attack her sentence by her attorneys or anyone else. The defendant is waiving those rights because she personally believes it is in her best interest to do so in order to obtain the benefit of the concessions made by the United States in this agreement. The defendant understands the United States is unwilling to make some of those concessions unless she is willing to waive her rights to appeal or collaterally attack her sentence as part of the bargain. The defendant asks the Court to accept this waiver so she can receive the full benefit of this agreement.

VIOLATION OF AGREEMENT BY DEFENDANT

35. The defendant further agrees that if the defendant violates the terms of this plea

agreement the United States has the option to declare the plea agreement null and void. In the event the United States exercises its option to declare the plea agreement null and void, the United States will be completely released from all of its obligations under this plea agreement and the United States will be free to seek to vacate the defendant's conviction and/sentence, and to file additional charges against the defendant or to seek the defendant's resentencing. In the event, however, the United States exercises its option to declare the plea agreement null and void, the defendant will not be allowed to withdraw from any previously accepted guilty plea.

36. Whether or not the defendant has violated the terms of the plea agreement shall be determined by the Court. The burden of proof shall rest with the United States to establish by a preponderance of the evidence that the defendant violated the terms of the plea agreement.

## ACKNOWLEDGMENTS OF DEFENDANT AND DEFENSE COUNSEL

37. The defendant and her attorneys acknowledge that they have reviewed and defendant understands the possible application of Sentencing Guidelines §1B1.3 (Relevant Conduct) and §1B1.4 (Information to be Used in Imposing Sentence).

38. The defendant understands that by entering a Plea of Guilty, the defendant is waiving certain of her rights. Specifically, the defendant understands that by pleading guilty she is waiving the following rights, among others:

a. The right to plead not guilty or persist in the plea of not guilty if already made. If the defendant persisted in a plea of not guilty to the charges the defendant would have the right to a public and speedy trial.

b. The right to a trial by jury. The defendant has an absolute right to a jury trial. The jury would be composed of twelve persons selected at random. The jury would have

to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded that the United States had met its burden of proving the defendant guilty beyond a reasonable doubt. The defendant could also ask for a trial by the Judge instead of a trial by a jury.

c. The right to the assistance of counsel. The defendant has the right to be represented by an attorney at every stage of the proceedings and, if the court finds the defendant is unable to afford an attorney, one will be appointed to represent the defendant at no cost to the defendant.

d. The right to confront and cross-examine adverse witnesses. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to see and hear those government witnesses and the defendant's attorneys would be able to cross-examine them. In turn, the defendant's counsel could present witnesses and other evidence on the defendant's behalf. If the witnesses for the defendant refused to appear voluntarily, their attendance could be required through the subpoena power of the court.

e. The right against compelled self-incrimination. At a trial, the defendant would have a privilege against self-incrimination so that the defendant could decline to testify, and no inference of guilt could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

39. The defendant understands that by pleading guilty the defendant is waiving all the rights set forth in the prior paragraphs. The defendant's attorneys has explained those rights to

the defendant and the consequences of the waiver of those rights.

40. Defense Counsel

I have read this Plea Agreement and have discussed it fully with my client, Lamia Chaouni. It accurately and completely sets forth the entire Plea Agreement. I concur in the guilty plea as set forth in this Plea Agreement.

Date: 3/10/06

s/Jerome B. Kalish
Jerome Barton Kalish
Attorney for the Defendant

Date: 3/10/06

s/Shelia Kalish
Shelia Kalish
Attorney for the Defendant

41. Defendant

I have read this entire Plea Agreement carefully and have discussed it fully with my attorneys, Jerome Barton Kalish and Shelia Kalish. I fully understand this agreement and accept and agree to it without reservation, including the paragraphs labeled "Waiver of Right to Appeal" and "Waiver of Right to Collateral Attack."

I am entering into this agreement voluntarily and of my own free will in order to gain the benefit of the promises made by the United States. I am pleading guilty because I am in fact guilty, and I agree that the facts stated in this agreement about my criminal conduct are true. No threats, promises, or commitments have been made to me or to anyone else, and no agreements have been reached, express or implied, to influence me to plead guilty other than those stated in this written plea agreement nor am I under the influence of anything that could impede my ability to understand fully this Plea Agreement.

I am satisfied with the legal services provided by my attorneys in connection with this case, this Plea Agreement and matters related to it. I further understand that by signing below I am stating I agree with everything stated in this section of the Plea Agreement and I am accepting and entering into this Plea Agreement in its entirety.

I hereby reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement.

Date:3/10/06

s/Lamia Chaouni
Lamia Chaouni
Defendant

ACKNOWLEDGMENT OF THE UNITED STATES

42. United States Attorney's Office

I accept and agree to this Plea Agreement for the United States of America.

Date:3/10/06

s/Eugene L. Miller
Eugene L. Miller
Assistant United States Attorney
201 South Vine Street
Urbana, Illinois 61802
Telephone: 217/373-5875

**U.S. Department of Justice**

*United States Attorney*
*Central District of Illinois*

*Jan Paul Miller*
*United States Attorney*

*Urbana Division Office*
*Urbana Federal Building and U.S. Courthouse*
*201 South Vine Street, Suite 226*
*Urbana, Illinois 61802-3369*
*TEL: (217) 373-5875*
*FAX: (217) 373-5891*

June 27, 2005

**VIA PERSONAL DELIVERY**
Michael D. Krejci, Esq.
1770 Park Street
Naperville, Illinois 60563

**RE: Cooperation and testimony by Lamia Chaouni**

Dear Mr. Krejci:

It is our understanding that your client, Lamia Chaouni, desires to cooperate with the United States of America ("United States") in its efforts to enforce federal law on the condition that her statements are protected by a grant of use immunity to prevent her from facing any greater criminal liability as a result of cooperating. This letter is intended as a grant of conditional direct use immunity.

To avoid any misunderstanding, the specific terms of this grant of use immunity are:

1. The United States agrees that no statement made or information provided pursuant to this agreement may be directly introduced as evidence against your client in any criminal case, including sentencing, excepting (1) a prosecution for making a false statement or perjury, and (2) use as impeachment or rebuttal evidence should she subsequently testify or take a factual position contrary to the information she provides. The United States will be free to make indirect, or derivative, use of her statements. This agreement means only that the fact she made certain incriminating statements pursuant to this agreement may not itself be introduced as evidence against her. The United States will also remain free to discharge its duty to the court by informing the court of any information she provides. The court will be notified that such information was obtained pursuant to this grant of use immunity.

2. In return, your client agrees that she will provide complete and truthful information to law enforcement officials regarding her criminal conduct and everything she knows or has reason to believe about the criminal conduct of others. She also agrees to produce any and all documents and physical evidence of any kind in her possession or under her control that relates to the information she provides.

3. She agrees to provide complete and truthful testimony to any grand jury, trial jury,

**EXHIBIT A**

or judge in any proceeding in which she may be called to testify by the United States.

4. Your client further acknowledges and agrees that she understands that the United States's grant of use immunity herein is conditioned, in part, upon her complete compliance with paragraphs 2 and 3. Should she knowingly make any materially false statement or omission in providing information or testimony under this agreement, the United States will be entitled to use her statements and evidence she provides, directly and indirectly, to institute and support a criminal prosecution for any offense, as well as a prosecution for giving false statements and perjury.

5. For instance, your client must neither conceal or minimize her own actions or involvement in any offense, nor conceal, minimize, fabricate, or exaggerate anyone else's actions or involvement in any offense. She must be completely truthful about the facts, whatever those may be.

6. The offenses of giving false statements and of perjury are felonies, each instance of which is punishable by up to five years in prison plus a $250,000 fine.

7. Your client agrees that she will not engage in any criminal activity of any kind, without the prior knowledge and approval of your client's supervising agents and this office. Your client agrees that she will not engage in any use of any controlled substance.

8. Your client agrees that she will not initiate any contact with the subjects of any United States investigation without the prior knowledge and approval of the United States.

9. Your client agrees that she will not tell anyone anything about any United States investigation or her own cooperation without the prior knowledge and approval of the United States.

10. The United States agrees that it will fully inform the court in any sentencing hearing of the nature, extent, and value of your client's cooperation. At this time, the United States is not making and has not made any promise or commitment of any kind to you or your client regarding the prosecution of any offense or the sentence in any case.

11. The United States reserves the right, in its sole discretion, to make a motion at the time of sentencing for a downward departure from the sentencing guideline range pursuant to § 5K1.1 of the advisory Sentencing Guidelines and from any mandatory

minimum sentence pursuant to 18 U.S.C. § 3553(e) if your client provides substantial assistance in the investigation or prosecution of other criminal offenses. The extent of any such recommended departure will depend solely upon the United States's evaluation of the nature, extent, and value of your client's assistance, including her truthfulness.

12. Your client agrees that she will not frivolously contest her guilt or any sentencing issues in any related federal criminal proceeding.

13. *Any violation of any part of this agreement by your client will void this agreement in its entirety and will release the United States from any obligation under this agreement.*

This letter embodies the entirety of the United States's use immunity agreement with your client. No other promise or agreement exists between your client and the United States regarding immunity.

Very truly yours,

JAN PAUL MILLER
UNITED STATES ATTORNEY

s/Eugene L. Miller

Eugene L. Miller
Assistant United States Attorney

**AGREED:**

I have read this letter entirely, and I understand and completely agree to the above terms. No promises have been made other than those stated in this letter regarding cooperation or immunity.

s/Lamia Chaouni
Lamia Chaouni
Defendant

s/Michael D. Krejci
Michael D. Krejci
Attorney for Defendant

DATE: 6/27/05

DATE: 6/27/05